**Electronically Filed
Intermediate Court of Appeals
30226
28-FEB-2013
08:40 AM**

NO. 30226

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


REGINALD BOTELHO, Claimant-Appellant,
v.
ATLAS RECYCLING CENTERS, LLC and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY,
Employer/Insurance Carrier-Appellee
and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-334(H) (1-06-00818))


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

The Director of the Department of Labor and Industrial
Relations (Director) assessed attorney's fees against Employer-
Appellee Atlas Recycling Centers, LLC (Atlas) and Insurance
Carrier-Appellee Hawaii Employers' Mutual Insurance Company Inc.
(collectively, "Employer") and in favor of Claimant-Appellant
Reginald G. Botelho (Botelho), pursuant to Hawaii Revised
Statutes (HRS) § 386-93(a) (1993). The Labor and Industrial
Relations Appeals Board (LIRAB) issued a Decision and Order,
which reversed the Director's decision to assess attorney's fees
against Employer. Relying on this court's unpublished summary
disposition order in Kelly v. Metal-Weld Specialties, Inc., Nos.
27127 & 27208, 2008 WL 4409419 (Hawai'i App. Sept. 30, 2008), the

LIRAB concluded that HRS § 386-93(a) did not authorize the assessment of attorney's fees.

The version of HRS § 386-93 applicable to this case, HRS § 386-93 (1993 & Supp. 2011), provided:

> § 386-93 Costs. (a) If the director of labor and industrial relations, appellate board or any court finds that proceedings under this chapter have been brought, prosecuted, or defended without reasonable ground the <u>whole costs of the proceedings</u> may be assessed against the party who has so brought, prosecuted, or defended the proceedings.
>
> (b) If an employer appeals a decision of the director or appellate board, the costs of the proceedings of the appellate board or the appellate court, together with reasonable attorney's fees, shall be assessed against the employer if the employer loses; provided that if an employer or an insurance carrier, other than the employer who appealed, is held liable for compensation, <u>the costs of the proceedings of the appellate board or the appellate court, together with reasonable attorney's fees</u>, shall be assessed against the party held liable for the compensation.

(Emphasis added.) In <u>Kelly</u>, we construed the phrase "whole costs of the proceedings" in HRS § 386-93(a) as not including attorney's fees, noting the Legislature's specific reference to both attorney's fees and costs in HRS § 386-93(b) and the lack of a specific reference to attorney's fees in HRS § 386-93(a).

On appeal, Botelho argues that our interpretation of the phrase "whole costs of the proceedings" in <u>Kelly</u> was erroneous because we overlooked decisions of the Supreme Court of the Territory of Hawai'i that had construed the phrase "whole cost of the proceedings" in the predecessor statutes to HRS § 386-93(a) as including attorney's fees. We agree that we erred. Upon further review and based on the decisions of the Supreme Court of the Territory of Hawai'i in <u>Ilaga v. Yuen Lin Ho</u>, 35 Haw. 591 (Hawai'i Terr. 1940), and <u>Rivas v. Curtis</u>, 38 Haw. 405 (Hawai'i Terr. 1949), we conclude that HRS § 386-93(a) (1993) authorizes the assessment of attorney's fees. We therefore vacate the LIRAB's Decision and Order, which was filed on November 16, 2009, and we remand the case for further proceedings.

We note that in 2012, the Hawai'i Legislature amended HRS § 386-93(a) to provide as follows (new material underscored and repealed material in brackets):

> (a) If the director of labor and industrial relations, appellate board, or any court finds that proceedings under this chapter have been brought, prosecuted, or defended without reasonable ground, the whole costs of the proceedings including reasonable attorney's fees may be assessed against the party who has [so] brought, prosecuted, or defended the proceedings.

2012 Haw. Sess. L. Act 234, § 1 at 810.[1] This amendment, which took effect on July 1, 2012, makes clear that HRS § 386-93(a) authorizes the assessment of attorney's fees for proceedings after July 1, 2012. Id. § 3 at 810.

BACKGROUND

Botelho was employed as a laborer by Atlas, and his job involved the repeated bundling and tying of bales of scrap metal. Botelho suffered a work-related left carpal tunnel syndrome injury. On January 30, 2007, the Director issued a decision (Director's Decision), which found that Employer had accepted liability for Botelho's injury. The Director's Decision ordered Employer to pay medical benefits required by the nature of Botelho's injury and reserved determination of Botelho's "average weekly wages, temporary disability, permanent disability and/or disfigurement."

After the issuance of the Director's Decision, Botelho was unsuccessful in obtaining temporary total disability (TTD) benefits from Employer despite repeated requests for payment. Botelho requested a hearing on the matter. On May 15, 2009, the Director issued a Supplemental Decision (Director's Supplemental Decision), which (1) ordered Employer to pay: (a) all medical

---

[1] The legislative history of the 2012 amendment indicates that the legislation was in response to this court's ruling in Kelly and was intended to "clarify" that attorney's fees are included in the costs that may be assessed under HRS § 386-93(a). See Conf. Comm. Rep. No. 50-12, in 2012 House Journal, at 1624; S. Stand. Comm. Rep. No. 2935, available at http://www.capitol.hawaii.gov/session2012/commreports/HB2099_SD1_SSCR2935_.PDF S. Stand. Comm. Rep. No. 3274, available at http://www.capitol.hawaii.gov/session2012/commreports/HB2099_SD1_SSCR3274_.PDF

care, services, and supplies required by the injury; (b) $1,409.59 in TTD benefits and additional TTD upon receipt of medical certification; (c) $281.92 as a 20% penalty under HRS § 386-92 (Supp. 2012) for failure to pay TTD; and (d) a $2,500 penalty payable to the Special Compensation Fund pursuant to HRS § 386-31(b) (Supp. 2011); and (2) assessed attorney's fees and costs against Employer pursuant to HRS § 386-93(a).

On June 3, 2009, Employer appealed the Director's Supplemental Decision to the LIRAB. Among other things, Employer challenged the Director's assessment of attorney's fees pursuant to HRS § 386-93(a). Employer filed a motion for partial summary judgment as to the attorney's fees assessment, contending that HRS § 386-93(a) did not authorize the Director to award attorney's fees. On November 16, 2009, the LIRAB issued its Decision and Order, which granted Employer's motion for partial summary judgment. The LIRAB, relying on this court's reasoning in Kelly, reversed the Director's Supplement Decision with respect to the assessment of attorney's fees, ruling that HRS § 386-93(a) did not authorize the assessment of attorney's fees. Bothelho appeals from the LIRAB's November 16, 2009, Decision and Order.

DISCUSSION

I.

At the outset, we note that Employer argues that this court lacks jurisdiction over Botelho's appeal because Employer contends that the LIRAB's Decision and Order, which reversed the Director's assessment of attorney's fees pursuant to HRS § 386-93(a), was not an appealable final order. We disagree.

In Lindinha v. Hilo Coast Processing Co., the Hawai'i Supreme Court concluded:

> [A]n order awarding or denying attorney's fees and costs under HRS § 386-93(b) "determines a claimant's rights to those benefits." . . . The imposition of attorney's fees and costs has no bearing on any future award because the fees and costs claimed are attributable to the issue which the employer has appealed. Consequently, the award of attorney's fees and costs under HRS § 386-93(b) has no

> bearing on any other matters. An award of attorney's fees and costs, then, is final . . . for purposes of an appeal.

Lindinha, 104 Hawai'i 164, 169, 86 P.3d 973, 978 (2004) (citations omitted).

Here, the LIRAB's Decision and Order completely and finally determined Botelho's entitlement to attorney's fees pursuant to HRS § 386-93(a) and this determination had no bearing on other unresolved matters in the case. Based on Lindinha, we conclude that the Decision and Order was an appealable final order.[2]

## II.

The issue presented in this appeal is whether the phrase "whole costs of the proceedings," as used in the version of HRS § 386-93(a) applicable to this case, includes attorney's fees. We apply the following principles in interpreting a statute:

> [When construing a statute] our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.
>
> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>
> In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.
>
> This court may also consider the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning.

---

[2] We decline Employer's request that we dismiss Botelho's appeal because Botelho's opening brief did not strictly comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 (2008). Employer asserts that Botelho failed to list the authorities in his table of authorities in alphabetical order as required by HRAP Rule 28(b)(1). Employer also asserts that Botelho's statement of the case was deficient for omitting certain relevant facts and that his points of error failed to fully quote all the disputed conclusions of law. We conclude that any non-compliance of Botelho's opening brief with HRAP Rule 28 was not sufficient to warrant our dismissal of his appeal.

Lingle v. Hawai'i Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005) (brackets, quotation marks, ellipsis points, and citation omitted).

In Kelly, we construed the phrase "whole costs of the proceedings" in the version of HRS § 386-93(a) at issue here, as not including attorney's fees. We relied upon the difference between the language in HRS § 386-93(a) and HRS § 386-93(b), as well as dicta from cases construing HRS § 386-93(b), which only referred to HRS § 386-93(a) as authorizing the assessment of costs. In Kelly, we reasoned as follows:

> Unlike subsection (b) of HRS § 386-93, which refers to "the costs of the proceedings . . . together with reasonable attorney's fees," subsection (a) refers only to the "whole costs of the proceedings." This disparity was present in the original version of the statute when prior versions of the statute were amended and subsections (a) and (b) were reenacted together. See 1959 Haw. Sess. L. Act 241, §2, at 186; 1963 Haw. Sess. L. Act 116, § 1 at 122. The omission of any reference to attorney's fees in subsection (a) of HRS § 386-93, coupled with the inclusion of a specific reference to attorney's fees along with costs in subsection (b), demonstrates that the Legislature did not intend to authorize the assessment of attorney's fees under subsection (a).

> We conclude that HRS § 386-93(a) does not authorize the assessment of attorney's fees in addition to costs. See Survivors of Medeiros v. Maui Land and Pineapple Co., 66 Haw. 290, 296 n. 3, 660 P.2d 1316, 1321 n. 6 (1983) (noting that "HRS § 386-93(a) mentions only costs and not attorney's fees"); Survivors of Iida v. Oriental Imports, Inc., 84 Hawai'i 390, 403, 935 P.2d 105, 118 (App. 1997) (describing HRS § 386-93(a) as "allow[ing] costs to be taxed against any party for frivolous appeals").

Kelly, Nos. 27127 & 27208, 2008 WL 4409419 at *7.

However, the parties in Kelly did not cite Ilaga v. Yuen Lin Ho or Rivas v. Curtis, two decisions of the Supreme Court of the Territory of Hawai'i that construed the phrase "whole cost of the proceedings" as used in the 1935 and 1945 predecessor statutes to HRS § 386-93(a), and we overlooked those cases in our analysis in Kelly.

In Ilaga, 35 Haw. at 592, the claimant in a workers' compensation action sought an award of attorney's fees against his employer pursuant to the Revised Laws of Hawai'i (RLH) § 7520

(1935), which authorized the assessment of the "whole cost of the proceedings" against a party who brought, prosecuted, or defended a proceeding without reasonable grounds. The employer conceded that the words "whole cost of the proceedings" were broad enough to include attorney's fees, but opposed the award of attorney's fees on the basis that it had reasonable grounds to prosecute its claims. Ilala, 35 Haw. at 592. The territorial supreme court concluded that the employer had prosecuted its bill of exceptions without reasonable grounds and awarded attorney's fees in favor of claimant:

> We having so concluded [that employer prosecuted its claims without reasonable grounds] and counsel having admitted that the words of the statute are sufficiently broad to include attorney's fees, the motion for an award of a reasonable attorney's fee for services rendered the claimant in this court is therefore granted.

Id. at 594.

In Rivas, 38 Haw. at 405-06, the territorial supreme court addressed the request of a workers' compensation claimant for attorney's fees pursuant to RLH § 4448 (1945), which was almost identical to the statute at issue in Ilaga (RLH § 7520 (1935)). In Rivas, the court construed the phrase "whole cost of the proceedings" as used in RLH § 4448 to include attorney's fees. Rivas, 38 Haw. at 406. The court noted that it had previously adopted this construction of the phrase in its 1940 decision in Ilaga. Id. The court further stated that: "The legislature in 1945 amended the section in other respects but did not see fit to qualify the construction theretofore made." Id.

After the territorial supreme court's decisions in Ilaga and Rivas, the Legislature made numerous statutory amendments, including adding the language which would later become subsection HRS § 386-93(b). However, the statutory language for HRS § 386-93(a), including the use of the phrase "whole costs of the proceedings," has basically remained the

same.[3/]  The Hawai'i Supreme Court has stated that "[w]here the legislature fails to act in response to our statutory interpretation, the consequence is that the statutory interpretation of the court must be considered to have the tacit approval of the legislature and the effect of legislation." State v. Hussein, 122 Hawai'i 495, 529, 229 P.3d 313, 347 (2010) (internal quotation marks and citation omitted).  Although our analysis in Kelly provides some support for construing the phrase "whole costs of the proceedings" in the version of HRS § 386-93(a) at issue as not including attorney's fees, we conclude upon further review and based on Ilaga and Rivas, that the phrase is more appropriately construed as including attorney's fees.

CONCLUSION

For the foregoing reasons, we vacate the LIRAB's Decision and Order, and we remand the case for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, February 28, 2013.

Stanford H. Masui
(Law Offices of Stanford H. Masui)
for Claimant-Appellant

Brian G.S. Choy
Keith M. Yonamine
(Choy & Tashima, AAL, ALC)
for Employer and Insurance Carrier-
   Appellee

Chief Judge

Associate Judge

Associate Judge

---

[3/] The phrase construed in the predecessor statutes to HRS § 386-93(a) in Ilaga and Rivas was "whole cost of the proceedings," while the phrase used in HRS § 386-93(a) is "whole costs of the proceeding."